IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL T. DURDEN,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **Civil No. 1:19-CV-0995** |
| **v.** | : | |
| | : | **Judge Sylvia H. Rambo** |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** *et al.,* | : | |
| | : | |
| **Respondents.** | : | |

## <u>MEMORANDUM</u>

Before the Court is *pro se* Petitioner Michael T. Durden's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 11.)  Following Petitioner's payment of the filing fee, the Court issued an order to show cause (Doc. 12), and Respondents filed a motion to dismiss, asserting that Petitioner's § 2254 petition is untimely.  (Doc. 14.)  Petitioner filed a traverse to the motion but did not address the issue of the timeliness of his petition.  (Doc. 15.)  The Petitioner's § 2254 petition is ripe for disposition.[1]

---

[1]  On August 28, 2019, the Court issued an Administrative Order, informing Petitioner of the limitations upon his right to file another habeas petition in the future if his current petition was considered on the merits by the Court. (Doc. 9.)  The Administrative Order notified Petitioner that if he did not complete and return the attached Notice of Election within forty-five (45) days, his petition would be ruled upon as filed. (*Id.*)  Durden chose to withdraw his original petition and filed an amended petition.  (Docs. 10–11.)

For the reasons that follow, the Court will grant the Respondent's motion to dismiss and dismiss Petitioner's amended habeas corpus petition as untimely filed.

## I.     BACKGROUND

### A.     Procedural History

On November 14, 2013, a jury convicted Petitioner of robbery, person not to possess a firearm, firearms not to be carried without a license, receiving stolen property, two counts of simple assault, and two counts of terroristic threats. (Doc. 14-1 at 4.) The trial court sentenced Petitioner on December 16, 2013 to an aggregate term of 11 to 22 years' imprisonment. (*Id*. at 4–5.) Durden filed a timely appeal to the Superior Court of Pennsylvania, challenging the weight and sufficiency of the evidence supporting his conviction. (Doc. 14-2 at 3.) On January 21, 2015, the Superior Court affirmed his judgment of sentence. (*Id*.) Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

On June 2, 2015, Petitioner filed a Post Conviction Relief Act ("PCRA") petition in the Court of Common Pleas of York County. (*Id*. at 3.) Counsel was appointed to represent Petitioner. An evidentiary hearing was held on June 30, 2017, at which both Petitioner and trial counsel testified. At the end of the hearing, the court denied Petitioner's PCRA petition. (*Id*.) On May 21, 2018, the Superior Court

affirmed the denial of Petitioner's PCRA petition.  (*Id*. at 13.)  On October 4, 2018,

Petitioner filed a petition for leave to file a petition for allowance of appeal *nunc pro*

*tunc*.[2] The Pennsylvania Supreme Court denied Petitioner's motion on November

26, 2018.  (Doc. 14-3 at 1.)

Petitioner filed the instant petition on June 3, 2019.  (Doc. 1.)  He filed his

amended petition on September 24, 2019.  (Doc. 11.)  The Respondents filed a

response to the amended petition, a motion to dismiss, arguing that the petition is

time-barred.  (Doc. 14.)

### B.    Habeas Claims Presented

Petitioner raises the following claims for relief in his amended § 2254 petition:

1.    Denial of Equal Protection and Due Process right.

2.    Unlawful search of his residence in violation of the Fourth Amendment.

3.    Ineffective assistance of trial counsel for failure to investigate the identity of the "likely suspect."

4.    Ineffectiveness of appellate counsel.

5.    Police showed Ms. Clark and unduly suggestive photo array.

6.    Prosecution presented false statements and evidence at trial.

---

[2] The Court takes judicial notice of the electronic docket sheet in *Commonwealth v. Durden*, 149 MM 2018 (Pa.), electronic docket sheet, available at https://ujsportal.pacourts.us/DocketSheets/ AppellateCourtReport.ashx?docketNumber=149+MM+2018&dnh=FXJgqTQk6qr6hP1Q8hfbmg%3d%3 (last visited Aug. 11, 2020).

7.      Petitioner denied the right to confront his accusers.

(Doc. 11.)  As to the timeliness of his petition, Petitioner states he "makes a credible showing of actual innocence … new reliable evidence and showing by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted Petition in the light of new evidence.  New reliable evidence that undermines the trial evidence pointing to the identity of the perpetrator and motive for the crime can suffice to show actual innocence."  (*Id*. at 20.)

## II.     STANDARD OF REVIEW

Title 28 U.S.C. § 2254 allows a federal court to entertain a petition for writ of habeas corpus on behalf of a person in state custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## III.    DISCUSSION

As noted above, Respondents argue that Petitioner's § 2254 petition is untimely filed pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under 28 U.S.C. § 2244(d), a state prisoner is subject to a one-year statute of limitations for the filing of a federal habeas corpus petition pursuant to 28 U.S.C. §2254.  This statute provides that:

(1)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under this statute of limitation, a prisoner generally must file a federal habeas corpus petition within one year of the date his conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  Here, the applicable starting point for the statute of limitations is the "conclusion of direct review or the expiration of the time for

5

seeking such review." *Id.* The Pennsylvania Superior Court affirmed Petitioner's conviction on Wednesday, January 21, 2015. (Doc. 14-1.) Petitioner's sentence became final on or about Friday, February 20, 2015, at the expiration of the thirty-day period for filing a petition for allowance of appeal to the Pennsylvania Supreme Court. *See* 42 Pa. Con. Stat. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); *see also* Pa. R. A. P. 1113(a) (petition for allowance of appeal "shall" be filed within thirty days after the entry of the Superior Court's order); *see also Nara v. Frank*, 264 F.3d 319, 314 (3d Cir. 2001) (state court criminal judgment not final until appeals exhausted or time for appeal has expired). Therefore, Petitioner had one year from February 20, 2015, or until Monday, February 22, 2016, to file a timely habeas petition.[3] Petitioner filed his § 2254 petition on June 3, 2019, the date he states he placed it in the prison mailing system. *See* Doc. 1; *see also Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's document is filed at the time he places it in the prison mailing system

---

[3] Per Federal Rule of Civil Procedure 6(a), when the last day of a time period falls on a Saturday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday. Here, Saturday, February 20, 2016, marked the end of Petitioner's filing period. However, applying Fed. R. Civ. P. 6(a), the filing period was extended to Monday, February 22, 2016.

for delivery to the court).  Consequently, unless Petitioner's petition is subject to statutory or equitable tolling, it is jurisdictionally time-barred.

Pursuant to 28 U.S.C. § 2244, the running of the limitations period is suspended for the period of time when properly-filed state post-conviction proceedings are pending in any state court.  28 U.S.C. § 2244(2).  An application for state post-conviction relief is "filed" when "it is delivered to, and accepted by, the appropriate court office for placement into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.*  However, a *nunc pro tunc* petition in PCRA before the Pennsylvania Supreme Court is "not properly filed, and thus do[es] not toll the [AEDPA] clock." *Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004).

Here, 102 days of the limitations period elapsed until Petitioner filed his timely PCRA petition on June 2, 2015.  (Doc. 14-2 at 3.)  As Petitioner's petition for leave to file a petition for allowance of appeal *nunc pro tunc* does not toll the AEDPA's limitation period, Petitioner's state post-conviction proceeding was pending until Wednesday, June 20, 2018, 30 days after the Pennsylvania Superior Court denied his appeal.  *See* Pa. R. App. P. 1113(a).  As of June 20, 2018, 263 days remained of the federal limitations period.  Petitioner, therefore, had until

Monday, March 11, 2019, to file a timely § 2254 petition.[4]  He did not file his §

2254 petition until June 3, 2019, 84 days after the limitations period expired.

Thus, Petitioner's § 2254 petition is barred by the statute of limitations unless he

can establish that he is entitled to equitable tolling of the limitations period.

"[A] petition is entitled to equitable tolling only if he shows (1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstances

stood in his way and prevented [his] timely filing."  *Holland v. Florida*, 560 U.S.

631, 649 (2010) (internal quotation marks omitted) (quoting *Pace v. DiGuglielmo*,

544 U.S. 408, 418 (2005)).  Accordingly, equitable tolling is to be used sparingly

and only in "extraordinary" and "rare" circumstances.  *See Satterfield v. Johnson*,

434 F.3d 185, 195 (3d Cir. 2006).  The United States Court of Appeals for the

Third Circuit has found that equitable tolling "may be appropriate if (1) the

defendant has actively mislead the plaintiff, (2) if the plaintiff has 'in some

extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff

has timely asserted his rights mistakenly in the wrong forum."  *See Jones v.

Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (quoting *United States v. Midgley*, 142

F.3d 174, 179 (3d Cir. 1998)).  The petitioner bears the burden of establishing that

he is entitled to benefit from equitable tolling.  *See Pace*, 544 U.S. at 418.

---

[4] Two hundred and sixty-three (263) days after June 2, 2018, was Sunday, March 10, 2019.  Thus, pursuant to Fed. R. Civ. P. 6, Petitioner had until Monday, March 11, 2019, to file a timely habeas petition.

In the instant case, Petitioner presents no argument or evidence to account for his delay in seeking federal habeas relief.  At best, Petitioner supplies documents in his traverse suggesting an alternative date for the restarting of the limitations period upon the Pennsylvania Supreme Court's termination of his unaddressed petition for allowance of appeal.  Upon receiving Petitioner's PCRA petition for allowance of appeal, the Prothonotary's Office noted that it "appeared to have been untimely filed," as it was received after June 20, 2018.  (Doc. 15-1 at 70.)  Specifically, the petition was received "on June 27, 2018, bearing an inmate postmark of June 22, 2018."  (*Id.*)  The Prothonotary's Office advised Petitioner that:

> In order for this office to preserve your filing date, you must provide this office with an inmate cash slip showing that your petition was mailed on or before June 20, 2018 within 20 days of the date of [their June 27, 2018] letter.

*Id.*  The Prothonotary's Office placed Petitioner on notice that "if [he is] **unable** to provide an inmate cash slip dated on or before **June 20, 2018** indicating [his] petition was timely filed, [his] only option would be to file a 'Petition for Leave to File a Petition for Allowance of Appeal Nunc Pro Tunc."  (Doc. 15-1 at 70) (emphasis in original).  On July 20, 2018, the Pennsylvania Supreme Court "closed" Petitioner's case "due to [Petitioner's] failure to provide a timely cash

slip.  See Pa. R. A. P. 3115."[5]  (*Id.* at 71.)  Had the Pennsylvania Supreme Court

clearly ruled the petition was untimely, rather than terminate it for lack of

prosecution, the question of tolling would be clear as an untimely, or "improperly

filed," state court petition does not toll the limitations period under 28 U.S.C. §

2244(d)(2) absent extraordinary circumstances.  *See Fahy v. Horn*, 240 F.3d 239,

243 (3d Cir. 2001).  However, that is not the case.  As the Court cannot determine

whether the petition was "properly filed," which ultimately may be an argument of

form over substance, it is arguable that Petitioner believed the federal statute of

limitations remained tolled until the Prothonotary's Office "closed" his case for not

providing a cash slip demonstrating the petition was filed prior to June 20, 2018.

Thus, the Court is inclined to equitably toll the limitations period from June 22,

2018 until July 20, 2018, the 28 days his petition was pending with the

Pennsylvania Supreme Court.  Petitioner's success on this matter, however, does

not save his federal habeas petition from being untimely.  Using July 20, 2018, and

---

[5] Rule 3115 provides in relevant part:

> The prothonotary shall list for general call at the first session held after September 1 of each year all matters which appear to be inactive for an unreasonable period of time and shall give notice thereof to the parties .... If no action is taken or no written objection is docketed in the matter prior to commencement of the general call, the prothonotary shall strike the matter from the list and enter an order as of course marking the matter "Terminated ...."

Pa. R.A.P. 3115.

10

not June 2, 2018, Petitioner had 263 days, or until Tuesday, April 9, 2019, to file a timely habeas petition.  Thus, even with the benefit of equitable tolling, his petition is 55 days late.

The Supreme Court has also recognized that a credible showing of actual innocence may allow a petitioner to pursue the merits of his § 2254 petition notwithstanding the existence of "a procedural bar … or … expiration of the statute of limitations" under the miscarriage of justice exception.  *McQuiggins v. Perkins*, 569 U.S. 383, 386 (2013).  Such claims, however, are "rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  To prevail under this standard, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence."  *Id*. at 327.  "Without new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."  *Id*. at 316.

Here, while Petitioner recites the requirement announced in *McQuiggins*, he does not define what "new reliable evidence" he has discovered.  (Doc. 11 at 20.) To the extent he argues that "James Naylor, a light skinned black male is the likely suspect," this information does not constitute newly discovered evidence.  (*Id*. at 8.)  Petitioner knew of this information at the time of his trial and faults his trial counsel for failing "to call adult probation officer" who provided a photograph of

Naylor to the police as "the likely suspect." (*Id*. at 17; *see also* Doc. 15 at 31–32.) The information of this "likely suspect" is not new even if the police and trial counsel failed to consider this individual as a suspect. As such, this information is far from establishing Petitioner's innocence. As such, Petitioner has not shown entitlement to equitable tolling on this basis.

## IV.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability (COA), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In the instant matter, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

## V. CONCLUSION

For the foregoing reasons, the Respondent's motion to dismiss (Doc. 14) will be granted and Petitioner's amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 11) will be dismissed as untimely. A COA will not issue. An appropriate Order follows.


**Dated:  August 19, 2020**                    ___**s/Sylvia H. Rambo**
                                               **SYLVIA H. RAMBO**
                                               **United States District Judge**